UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WINONA POWDER COATING, INC., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24cv958 DRL |
| TRINSOFT, LLC, | |
| Defendant. | |

OPINION AND ORDER

Late last year, Winona Powder Coating sued TrinSoft for breach of contract and fraud after experiencing problems with a TrinSoft-developed software package. Under 28 U.S.C. § 1404(a), TrinSoft now moves to transfer this case based on a forum selection clause in their agreement (or alternatively to dismiss only the fraud claim). The court grants the transfer, so denies the partial motion to dismiss with leave to refile before the proper presider.

The court may "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" for the convenience of the parties and in the interests of justice. 28 U.S.C. § 1404(a). When a forum selection clause requires suit in a particular venue, the doctrine of forum *non conveniens* serves as the means to enforce it. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Tex.*, 571 U.S. 49, 60-61 (2013); *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018).

For transfers to another federal court, § 1404(a) codifies this doctrine. *Atl. Marine*, 571 U.S. at 60. Generally, the court must weigh both public and private interests; but, when the parties contractually agree to a forum, enforcing their express choice "protects their legitimate expectations" and "furthers vital interests of the justice system." *Id.* at 63. For these reasons, the

law gives valid forum selection clauses "controlling weight in all but the most exceptional cases." *Id.* "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62.

This presupposes that the forum selection clause mandates a venue, not just permits one. *Nulogy Corp. v. Menasha Packaging Co.*, 76 F.4th 675, 679-80 (7th Cir. 2023); *IAC/InterActiveCorp v. Roston*, 44 F.4th 635, 643 (7th Cir. 2022). The court's "central inquiry…is whether [the] clause is merely a party's consent to a court's jurisdiction—constituting a permissive forum selection clause—or whether the clause has mandatory language specifying that disputes under the contract 'shall' or 'will' be litigated in a specific venue or forum." *Roston*, 44 F.4th at 643. Under Indiana law (the contractual law the parties cite), the court enforces their intent as expressed in the clause's plain language. *Haegert v. Univ. of Evansville*, 977 N.E.2d 924, 937 (Ind. 2012); *see also Perdue Farms, Inc. v. L&B Transp., LLC*, 239 N.E.3d 842, 847 (Ind. 2024) (a "party trying to avoid a forum-selection clause faces a steep climb—one that is 'especially onerous' for commercial parties").

"Jurisdiction for any dispute resulting from this agreement will be in Fayette County, Kentucky"—so the parties agreed [5-1]. TrinSoft says the court should interpret this to be mandatory and transfer the case to the Eastern District of Kentucky. Winona argues that this clause permits, not mandates, suit there and invites the court to retain the case. Without argument on the pertinent public interests, *see Mueller*, 880 F.3d at 894, today's motion largely rises and falls on whether the phrase "will be" binds the parties to the named Kentucky forum.

What will be will be. The law often treats "will be" as mandatory language, *Roston*, 44 F.4th at 643 (citing "will" and "shall" as examples), and this clause's plain language likewise renders it

2

mandatory. As written, the clause specifies that "jurisdiction" for "any" contractual dispute "will be" in Kentucky, not Indiana. It's hard to read that as an option or anything but mandatory.

Winona argues that "shall" is mandatory in a way that "will" is not, but this hanger-on assumption from yesteryear might sometimes be true and might other times be untrue. Even the word "shall," though typically mandatory, can be interpreted as something less than that in context. *See, e.g., Jones v. United States*, 526 U.S. 227, 234 (1999); *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417, 432-33 n.9 (1995); *DirecTV, Inc. v. Barczewski*, 604 F.3d 1004, 1008 (7th Cir. 2010). There is a reason the Federal Rules of Civil Procedure were revised in 2007 to remove all instances of "shall" (save the one in Rule 56). *See* Fed. R. Civ. P. 1 advis. comm. n. (2007) (noting the word "shall" can mean "must," or "may," or something else).

Context matters—for words are known by the company they keep. *United States v. Williams*, 553 U.S. 285, 294 (2008); *Wagoner v. NPAS, Inc.*, 456 F. Supp.3d 1030, 1037 (N.D. Ind. 2020). In the context of this forum selection clause, substituting "shall" for "will" would be a spelling change only, not a change in its mandatory meaning. *See Roston*, 44 F.4th at 643; *Doman v. Heartland Rec. Vehicles*, 2024 U.S. Dist. LEXIS 173365, 14-15 (N.D. Ind. Sept. 25, 2024) ("venue will be in the state and county in which Dealer is located" was mandatory language).

Winona adds that nothing makes the Kentucky forum an exclusive one. The company points out that the clause omits the word "exclusive" (or like language) and refers only to jurisdiction (rather than venue). *See, e.g., Vasquez v. Hunter Bloomington Props., LLC*, 2021 U.S. Dist. LEXIS 133766, 2 (S.D. Ind. July 19, 2021) ("exclusive jurisdiction will be in the courts of Monroe County"). But this clause never says merely that jurisdiction may exist in a Kentucky forum, or that it is proper in such a forum—language that would lean permissively to such a forum without

mandating it. Instead, this clause says jurisdiction "will be in" that forum. A lawyer might write a forum selection clause a different way, and at times that might require adding "exclusive" to make it singular and mandatory, but the mere fact that the rich English language affords other ways to word a clause to reach the same result doesn't mean this one is less than mandatory.

Winona comes closer in noting that this clause mentions jurisdiction rather than venue. A forum selection clause that specifies only jurisdiction will be deemed permissive absent "further language indicating the parties' intent to make venue exclusive." *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006); *accord Roston*, 44 F.4th at 644 ("mandatory venue language can make forum selection mandatory regardless of [] permissive jurisdiction language").

Such language exists here. For one, this clause says "any" contractual dispute "will be in" this Kentucky forum.[1] For another, this clause names a specific county and couches "jurisdiction" in such a way as to address venue too, and not just personal jurisdiction. Naming a specific county mandates a particular venue in Kentucky because reading this clause as jurisdictional alone would "render the reference to [the county] meaningless." *Sunburst Chem., LLC v. Acorn Distribs.*, 922 N.E.2d 652, 654 (Ind. Ct. App. 2010); *see also Spalding v. Utica Twp. Volunteer Fire Ass'n*, 209 N.E.3d 483, 486 (Ind. Ct. App. 2023). After all, personal jurisdiction exists on a statewide basis, not in reference to one county. So this named county speaks necessarily to a venue. A federal court sits in Fayette County to avoid a different interpretation.

Because these sophisticated corporate parties chose a specific venue in Kentucky, Winona bears the burden of showing that the public interests "overwhelmingly disfavor a transfer." *Atl.*

---

[1] Winona concedes that, had TrinSoft wanted to make Fayette County an exclusive venue, it could have said something like "all disputes will be settled" there. *See Exhibit Sys. v. Pico Art Int'l Pte, Ltd.*, 2015 U.S. Dist. LEXIS 82438, 3 (N.D. Ill. June 25, 2015). The court views "any dispute" under this agreement as functionally no different than "all disputes" under this agreement.

*Marine*, 571 U.S. at 66; *see also id.* at 62; *Mueller*, 880 F.3d at 894. They rarely do, and Winona offers no argument on these public interests or otherwise demonstrates anything extraordinary or unjust in enforcing this forum selection clause as written.

Accordingly, the court GRANTS the motion to transfer [9], TRANSFERS the case to the United States District Court for the Eastern District of Kentucky sitting in Fayette County, and DENIES with leave to renew the partial motion to dismiss [9].

SO ORDERED.

May 6, 2025  　　　　　　　　　　　　　　　s/ *Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court